UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS B.,

                Plaintiff,　　　　　　　**DECISION AND ORDER**

   v.

                            1:20-CV-01598-EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## BACKGROUND

Plaintiff, Nicholas B., brought this action pursuant to Title II of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). (Dkt. 1).

On July 16, 2021, Plaintiff filed his motion for judgment on the pleadings. (Dkt. 12). On December 13, 2021, the Court approved the parties' stipulation to remand the matter for further proceedings. (Dkt. 14). The Clerk of Court issued judgment on December 14, 2021. (Dkt. 15).

On July 31, 2024, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death. (Dkt. 20). On August 19, 2024, she filed a motion to substitute requesting that this Court issue an order substituting William N. B., Plaintiff's father, for Plaintiff. (Dkt. 23). On October 4, 2024, Plaintiff filed a motion for an extension of time to file his motion for attorneys' fees under 42 U.S.C. §406(b) (Dkt. 24) and then on November 20, 2024, filed a motion requesting a status conference to

address both motions (Dkt. 26). On November 21, 2024, the Court issued an order requesting the Commissioner to respond to the relief sought by Plaintiff. (Dkt. 28). The Commissioner filed his response on November 27, 2024. (Dkt. 29). On December 13, 2024, Plaintiff filed an amended motion for a status conference. (Dkt. 30).

## DISCUSSION

I. **Plaintiff's Motion for Substitution**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) Survival of Claims

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which he is entitled, such benefits will be distributed to his survivors according to a statutorily established priority. 42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Under certain circumstances, such payments can be made to the parent of the deceased individual if there is no surviving spouse or child following the death of the deceased individual. 42 U.S.C. § 404(d)(3). Here, Plaintiff was not married and had no children at the time of his death. (Dkt. 23-1 at 5; Dkt. 23-2 at ¶ 4).

Plaintiff died intestate and is survived by his father.  (Dkt. 23-2 at ¶¶ 4-6).  Therefore, Plaintiff's Title II claim survived his death.

    2) <u>Timeliness of Motion</u>

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death."  Fed. R. Civ. P. 25(a)(1).  "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion."  *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted).  Here, Plaintiff filed a Suggestion of Death on July 31, 2024.  (Dkt. 20).  Since the instant application was filed on August 19, 2024, it was timely filed.

    3) <u>Proper Party for Substitution</u>

 "A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'"  *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)).  Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent.  *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law.").  A "representative is a person who has received letters to administer the estate of a decedent."  N.Y. E.P.T.L. § 1-2.13.  "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made."  *Garcia*, 2009 WL 261365, at *1 (internal citations

omitted). "Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, the record establishes that Plaintiff was never married, he did not have any children or a will, and he had no assets requiring formal estate administration upon his death. (Dkt. 23-2 at ¶¶ 4, 6-8, 10). Plaintiff's father was his only surviving parent at the time of his death, as Plaintiff's mother predeceased him. (*Id*. at ¶ 5).

The Court finds that Plaintiff's father has demonstrated that he is a proper party to be substituted. His father was not granted letters of voluntary administration regarding the estate of his son, and due to the lack of any assets in his son's estate, he was not intending to file a formal proceeding in a Surrogate's Court. (*Id*. at ¶¶ 9-10). Therefore, Plaintiff's father is not a "representative" of his son's estate. However, Plaintiff's father could potentially serve as his son's distributee under N.Y. E.P.T.L. § 4-1.1(a)(5). Plaintiff died intestate and left no significant assets. He was not married and did not have any children at the time of his death. However, he was survived by his father, who may be eligible to receive Plaintiff's past-due benefits as his distributee. *See* 42 U.S.C. § 404(d)(2); *see also* N.Y. E.P.T.L. § 4-1.1(a)(5). Therefore, the Court is satisfied that William N. B. is a proper party for substitution to represent Plaintiff's claim.

## II.     Plaintiff's Remaining Motions

Plaintiff also requests an extension of time to file Plaintiff's motion for attorneys' fees under 42 U.S.C § 406(b) pending resolution of Plaintiff's motion for substitution. (Dkt. 24). The Commissioner does not object to Plaintiff's request. (Dkt. 29-1 at 1). The Court, having granted Plaintiff's motion to substitute Plaintiff's father for Plaintiff, grants the request for an extension of time to file Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b). Plaintiff's motion shall be filed by January 21, 2025.

Plaintiff also requests a status conference to resolve the above motions. (Dkt. 26; Dkt. 30). The Court, having resolved both Plaintiff's motions, finds that the requested status conference now appear unnecessary. Accordingly, Plaintiff's motions (Dkt. 26; Dkt. 30) are denied without prejudice.

- 6 -

**CONCLUSION**

For the foregoing reasons, Plaintiff's motions for substitution (Dkt. 23) and extension of time to file Plaintiff's motion for attorneys' fees under 42 U.S.C § 406(b) (Dkt. 24) are granted. The Clerk of Court is hereby directed to amend the caption to substitute William N. B. for Plaintiff. Plaintiff's deadline to file a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is hereby extended to January 21, 2025.

Plaintiff's motions for a status conference are hereby denied without prejudice. (Dt. 26; Dkt. 30).

SO ORDERED.

                                                                _____
                                                                 ELIZABETH A. WOLFORD
                                                                 Chief Judge
                                                                 United States District Court

Dated:       January 2, 2025
               Rochester, New York